IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURO V. PEREZ,

    Petitioner,                    No. CIV S-07-0544 LKK DAD P

    vs.

D.K. SISTO, Warden,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the Board of Parole Hearings' ("Board") May 11, 2005 decision to deny him parole. On June 8, 2007, the undersigned ordered respondent to file and serve a response to petitioner's petition. On August 23, 2007, respondent moved to dismiss the petition on the ground that it is barred by the one-year statute of limitation set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA). On September 11, 2007, petitioner filed a timely opposition to respondent's motion to dismiss.

**BACKGROUND**

        In 1989, petitioner was convicted in the Los Angeles County Superior Court of second degree murder with a gun enhancement and sentenced to 17 years to life in prison. (Pet. at 2, 5.) On May 11, 2005, petitioner appeared before the Board for his fourth parole suitability

1

hearing. (Id. at 5.) The Board denied petitioner parole and refused to set a parole date for one year based on the nature of his crime and the threat petitioner posed to society. (Id.) Petitioner contends that the Board's denial violates his due process rights under the state and federal constitutions. (Id. at 6-11.)

## RESPONDENT'S MOTION TO DISMISS

Respondent has filed a motion to dismiss on the grounds that petitioner's habeas petition is time-barred under AEDPA. (Resp't's Mot. to Dismiss at 3.) Respondent argues that petitioner filed his federal petition beyond the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1)(D). (Id.) Accordingly, respondent contends that the court should dismiss this action. (Id. at 5.)

Respondent argues that petitioner had one year to file his federal habeas petition from the latest of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Respondent contends that the factual predicate in this case is the day petitioner became aware that he was found unsuitable for parole. (Resp't's Mot. to Dismiss at 4.) According to respondent, that date is May 11, 2005, the day of the parole hearing. (Id.)

Respondent acknowledges that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. (Resp't's Mot. to Dismiss at 3.) Respondent contends that petitioner waited until October 28, 2005, 169 days after the Board's May 11, 2005 decision, to file a petition in the California Supreme Court challenging the Board's decision. (Resp't's Mot. to Dismiss, Ex. 1.) The California Supreme Court denied the petition on August 16, 2006. (Id., Ex. 2.) Respondent further contends that petitioner then waited until March 20, 2007, 215 days after the California Supreme Court's decision, to file the instant federal petition. (Id. at 4.) According to

/////

respondent's calculation, in total, 384 days ran until petitioner filed the present federal habeas action, rendering it 19 days too late and filed outside the one-year limitations period set out in AEDPA. (Id.)

Respondent contends that even if the court finds that petitioner filed his petition in the California Supreme Court on October 24, 2005, the date petitioner signed and presumably mailed it, and filed his petition in this court on March 15, 2007, the date petitioner signed and presumably mailed it, petitioner's federal habeas petition is still untimely by 10 days. (Resp't's Mot. to Dismiss at 4.)

Finally, respondent notes that petitioner offers no explanation or justification for his delay in bringing the action, and does not contend he is entitled to equitable tolling of the statute of limitations. (Resp't's Mot. to Dismiss at 4.) Respondent concludes that the petition is untimely and therefore must be dismissed. (Id. at 4-5.)

**PETITIONER'S OPPOSITION**

In opposition, petitioner contends that his petition is timely. Petitioner argues that respondent has erroneously disregarded the amount of time it took for the Board to prepare and deliver a hearing transcript to him. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2.) Petitioner contends that he did not receive the transcript from the Board until June 16, 2005, 36 days after the May 11, 2005 hearing. (Id., Ex. A.) Petitioner also argues that respondent has erroneously disregarded the actual date the hearing decision became final. (Id. at 2.) Petitioner concludes that respondent's motion to dismiss should be denied, and the court should order respondent to file an answer. (Id.)

**ANALYSIS**

I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

/////

    (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  The one-year AEDPA statute of limitation applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to petitioner's March 20, 2007 petition.  See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II.  Application of § 2244(d)(1)(D)

        The Ninth Circuit has determined that the one-year period of limitation set forth in 28 U.S.C. § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment."  Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted).  See also Redd, 343 F.3d at 1080-83 (9th Cir. 2003) (assuming without deciding that the AEDPA statute of limitations applies to collateral attacks on Parole Board decisions).  When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the limitation period begins to run.  Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83.  Under

§ 2244(d)(1)(D), the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

In <u>Redd</u>, a California state prisoner challenged the parole board's determination that he was unsuitable for parole. The district court dismissed the prisoner's federal habeas petition as untimely on the ground "that 'the factual predicate' of Redd's claims was the Board's denial of Redd's administrative appeal on December 7, 1998, and that the limitations period began to run on the following day." <u>Redd</u>, 343 F.3d at 1080. The Ninth Circuit affirmed, explaining that the date of the factual predicate was to be determined "by inquiring when Redd could have learned of the factual basis for his claim through the exercise of due diligence." <u>Redd</u>, 343 F.3d at 1082. The Ninth Circuit concluded:

> We agree with the district court that the factual basis of Redd's habeas claims was the Board's denial of his administrative appeal on December 7, 1998. Redd does not dispute that he received notice of the Board's decision on December 7. The limitations period therefore began to run the following day.

<u>Id</u>.

The Ninth Circuit also noted in <u>Redd</u> that four other federal courts of appeals had held that 28 U.S.C. § 2244(d)(1)(D) applies to habeas petitions challenging the decisions of administrative bodies such as parole and disciplinary boards. <u>Id.</u> at 1082 n.8 (citing <u>Wade v. Robinson</u>, 327 F.3d 328, 332 (4th Cir. 2003); <u>Cook v. New York State Div. of Parole</u>, 321 F.3d 274, 280 (2d Cir. 2003); <u>Burger v. Scott</u>, 317 F.3d 1133, 1138 (10th Cir. 2003); <u>Kimbrell v. Cockrell</u>, 311 F.3d 361, 364 (5th Cir. 2002)). The Ninth Circuit observed that three of those four courts had decided that the AEDPA statute of limitations begins running in such cases on the date the administrative decision becomes final. <u>Id.</u> at 1084 (citing <u>Wade</u>, <u>Cook</u>, and <u>Burger</u>).[1]

---

[1] Only the Fifth Circuit has held that the limitations period begins to run "when the initial administrative decision is made, before any administrative appeals." <u>Redd</u>, 343 F.3d at 1084 n.11 (citing <u>Kimbrell</u>, 311 F.3d at 363-64).

1  Subsequently, the Ninth Circuit decided what it had assumed in Redd:

> § 2244's one-year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges a pertinent administrative decision rather than a state court judgment.

Shelby, 391 F.3d at 1062-63 (citation omitted). The Ninth Circuit again cited the decisions in Cook, Wade, and Kimbrell, finding them consistent with the language of AEDPA, rules of statutory construction, and purposes of the AEDPA. Id. at 1063. The court considered and rejected the Seventh Circuit's rule that the limitation period does not apply to petitions contesting administrative decisions. Id. at 1063-65 (discussing Cox v. McBride, 279 F.3d 492, 493-94 (7th Cir. 2002)). The Ninth Circuit then affirmed the dismissal of Shelby's habeas petition as untimely because he had challenged a prison disciplinary decision that resulted in loss of good time credits but failed to file his federal petition within a year after his administrative appeal was denied. Id. at 1062.

In Shelby, it was undisputed that the petitioner's disciplinary decision became final on July 12, 2001, and the district court therefore concluded that the petitioner had until July 12, 2002, to file his federal habeas petition. Id. at 1065-66. On appeal, the petitioner argued that, if the one-year statute of limitations applied, his case should be remanded for a finding as to the date he discovered or could have discovered the agency's final action. Id. 1066. The court concluded that "[h]ere, as in Redd, Shelby does not dispute that he received timely notice of the denial of his administrative appeal on July 12, 2001, and he offers no evidence to the contrary." Id. On that record, the Ninth Circuit held that the petitioner's statute of limitations began to run on July 13, 2001, and expired on July 12, 2002, almost six months before he filed his federal habeas petition. Id.

Applying the holdings of Shelby and Redd, as is required, this court must determine when petitioner could have learned of the factual basis for his claims through the exercise of due diligence. See Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1082 & 1084. As

1   noted above, the "factual predicate" for habeas challenges of parole board decisions is the day the
2   administrative decision becomes final, subject to the petitioner receiving proper notice. Shelby,
3   391 F.3d at 1066; Redd, 343 F.3d at 1084; Burger, 317 F.3d at 1138.
4        In this case, the evidence establishes that the Board conducted a parole hearing on
5   May 11, 2005 and found petitioner unsuitable for parole. Petitioner received a copy of the
6   hearing transcript and decision on June 16, 2005. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at
7   2, Ex. A.) Subsequently, the Board's decision became final. Neither party has adequately
8   addressed what date represents the Parole Board's the final date of decision in this case.
9   However, petitioner has attached a copy of the May 11, 2005, parole hearing transcript to his
10  habeas petition. (Pet., Ex. A.) At the conclusion of that hearing, the transcript provides as
11  follows:
12        PAROLE DENIED ONE YEAR
13        THIS DECISION WILL BE FINAL ON: SEPT. [illegible]
14        YOU WILL BE PROMPTLY NOTIFIED IF, PRIOR TO THAT
15        DATE, THE DECISION IS MODIFIED.
16  (Pet., Ex. A at 68, Decision Page 6.)
17        The court is unable to discern the complete date of final decision from the
18  transcript because the print on the transcript copy provided by petitioner is too faint to read.
19  Nevertheless, at the earliest, the final date of decision as indicated in the transcript was
20  September 1, 2005. That would mean that the one-year statute of limitations began to run on
21  September 2, 2005, the day after the Board's decision may have become final.[2]  See Wade, 327
22  /////
23
24  [2] Contrary to respondent's suggestion, the "factual predicate" underlying petitioner's claims was not discoverable by him on May 11, 2005, the date of his parole hearing. Although petitioner
25  may have learned of the Board's proposed decision on that day, the Board's actual decision to deny him parole was not final until sometime in September of 2005. As the parole hearing transcript
26  specifically states, up until that date the decision was subject to modification. Clearly respondent has not established otherwise.

1  F.3d at 333; see also Shelby, 391 F.3d at 1066 (limitation period began running day after
2  petitioner received notice of denial of appeal); Redd, 343 F.3d at 1082 (same).
3         As respondent acknowledges, "[t]he time during which a properly filed
4  application for state post-conviction or other collateral review with respect to the pertinent
5  judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations.  28
6  U.S.C. § 2244(d)(2).  Petitioner filed his state habeas petition with the California Supreme Court
7  on October 24, 2005.  The California Supreme Court denied petitioner's petition on August 16,
8  2006.  Accordingly, the one-year limitation period was tolled from October 24, 2005 through
9  August 16, 2006.  Carey v. Saffold, 536 U.S. 214, 222-24 (2002) (a state habeas petition is
10  "pending" during a full round of review in the state courts, including the time between a lower
11  court decision and the filing of a new petition in a higher court, as long as the intervals between
12  petitions are "reasonable").
13         Thus, at most, the one-year AEDPA statute of limitations ran for 52 days from
14  September 2, 2005 until October 24, 2005 when the statute was tolled until August 16, 2006.
15  The statute began to run again on August 17, 2006 for 214 days until petitioner filed his federal
16  petition on March 20, 2007.  Because less than one year had run on the statute of limitations, at
17  most 266 days, petitioner's federal habeas petition was timely filed.  Accordingly, respondent's
18  motion to dismiss should be denied.

## CONCLUSION

20  IT IS HEREBY RECOMMENDED that respondent's August 23, 2007 motion to
21  dismiss be denied.
22         These findings and recommendations are submitted to the United States District
23  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
24  days after being served with these findings and recommendations, any party may file written
25  objections with the court and serve a copy on all parties.  Such a document should be captioned
26  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 16, 2007.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
pere0544.157